IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| STERLING COMPUTERS CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>X CORP.,<br><br>    Defendant. | Case No. 1:24-cv-00552<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT X CORP.'S ANSWER TO PLAINTIFF STERLING COMPUTERS CORPORATION'S COMPLAINT

Defendant X Corp., by and through the undersigned attorneys, hereby responds to Plaintiff Sterling Computers Corporation's Complaint, filed on May 22, 2024. Defendant denies all allegations set forth in the Complaint unless expressly admitted in the following paragraphs.

Defendant's specific responses to the numbered allegations of the Complaint are in the below numbered paragraphs as follows:

### THE PARTIES

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies them.

2. Defendant admits that it is incorporated under the laws of the state of Nevada and that its headquarters are in San Francisco, California. Defendant also admits that it was served by its registered agent with Plaintiff's Complaint. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 2.

## JURISDICTION AND VENUE

3. To the extent that the allegations of Paragraph 3 set forth legal conclusions, no response is required. Defendant admits the Complaint purports to set forth a patent infringement action arising under the patent laws of the United States. Defendant admits that this court has subject matter jurisdiction arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. To the extent that the allegations of Paragraph 4 set forth legal conclusions, no response is required. In addition, Defendants deny any allegation to the extent it can be construed as asserting a legal conclusion. In particular: (1) whether Defendant has a "regular and established place[] of business in this District" for purposes of this Complaint, (2) whether Defendant has "availed itself of courts in Texas," (3) whether Elon Musk "resides" in Boca Chica, Texas, and (4) whether Defendant is "essentially 'at home' in this District," are all legal conclusions. Defendant denies these allegations on this basis. In addition, to the extent that Plaintiff alleges that this Court has general jurisdiction over it, this is also a legal conclusion. Defendants deny any such allegation on this basis. Defendant admits that Adam Mehes works in Defendant's legal department and is registered with the State Bar of Texas, but denies that Mr. Mehes is counsel for Defendant at an "Austin, Texas, address." Defendant denies causing any tortious injury or committing any acts of patent infringement. Defendant denies the remaining allegations in Paragraph 4.

5. To the extent that the allegations of Paragraph 5 set forth legal conclusions, no response is required, including for the same reasons as discussed with respect to Paragraph 4. Defendant denies committing any acts of infringement and denies

the remaining allegations in Paragraph 5.

## FACTUAL ALLEGATIONS

6. Defendant admits what purports to be a copy of U.S. Patent No. 7,716,217 ("the '217 Patent") is attached to the Complaint as Exhibit A. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 6.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies them.

8. Defendant admits that Justin Marston and Paul Marston are listed as the named inventors for the '217 Patent attached as Exhibit A. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 8.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies them.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies them.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies them.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies them.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies them.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies them.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

### [ALLEGED] PATENT INFRINGEMENT COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,716,217

28. Defendant incorporates by reference its responses contained in the foregoing paragraphs, as if fully set forth herein.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies them.

30. Denied.

31. Denied. For the avoidance of doubt, Defendant denies the allegations in the claim chart that follows the body of Paragraph 31.

32. Denied.

33. Denied.

34. Denied.

## RESPONSE TO PLAINTIFF'S JURY DEMAND

To the extent a response is required, Defendant admits that the Complaint contains a request for a jury trial.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief sought in its Prayer for Relief and denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### (Non-Infringement)

Defendant has not engaged in any acts that would constitute infringement of any valid claim of the '217 Patent either literally or under the doctrine of equivalents.

### SECOND DEFENSE
### (Invalidity)

The '217 Patent is invalid because it does not satisfy the requirements of 35 U.S.C. § 100, *et seq.*, including but not limited to, 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

### THIRD DEFENSE
### (No Patentable Subject Matter)

The claims of the '217 Patent are invalid because they do not recite patentable subject matter and/or otherwise comply with one or more provisions of 35 U.S.C. § 101. The claims of the '217 Patent are directed to an abstract idea and do not recite an inventive concept.

### FOURTH DEFENSE
### (Prosecution History Estoppel / Prosecution Disclaimer)

Plaintiff's claims are barred in whole or in part by the doctrines of prosecution history estoppel and/or prosecution disclaimer.

## FIFTH DEFENSE
## (Ensnarement)

Plaintiff's claims are barred or limited by the doctrine of ensnarement.

## SIXTH DEFENSE
## (Limitation on Damages)

Plaintiff's right to seek damages, if any, is limited by 35 U.S.C. §§ 286, 287, and 288.

## SEVENTH DEFENSE
## (Territoriality)

To the extent Plaintiff's claims are directed to acts occurring outside the United States, those claims for relief are barred or limited by the doctrine of territoriality by 35 U.S.C. § 271 *et seq.*, including but not limited to § 271(a) and (c).

## EIGHTH DEFENSE
## (Failure to State a Claim)

Plaintiff has failed to state a claim upon which relief can be granted.

## NINTH DEFENSE
## (Double Patenting)

One or more of the asserted claims is invalid under the doctrine of statutory double patenting or the judicially-created doctrine of obviousness-type double patenting.

## TENTH DEFENSE
## (Lack of Standing)

To the extent Plaintiff lacks all substantive right to bring suit and to exclude others from practicing the claims of the '217 Patent, Plaintiff's claims are barred by a lack of standing.

### ELEVENTH DEFENSE
### (Judicial Estoppel)

Plaintiff's patent infringement claims are barred, in whole or in part, based on judicial estoppel. The asserted claims of the '217 Patent are invalid or unenforceable, and Defendant has not infringed, and is not infringing, the asserted claims of the '217 Patent at least due in part to statements, representation, admissions, elections, positions, concessions, and filings made by Plaintiff in prior judicial or administrative proceedings.

### TWELFTH DEFENSE
### (Waiver, Unclean Hands, or Equitable Estoppel)

Plaintiff's claims are barred, in whole or in part, under the doctrines of waiver, unclean hands, and/or equitable estoppel.

### THIRTEENTH DEFENSE
### (License and/or Patent Exhaustion)

Plaintiff's patent infringement claims are barred, in whole or in part, under the doctrines of express license, implied license, and/or patent exhaustion.

### FOURTEENTH DEFENSE
### (No Injunctive Relief)

Plaintiff's demand to enjoin Defendant is barred because Plaintiff has suffered no harm or irreparable harm from Defendant's actions.

### RESERVATION OF DEFENSES

Defendant reserves all affirmative defenses under of the Federal Rule of Civil Procedure 8(c), the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and future factual investigation.

**DEMAND FOR JURY TRIAL**

Defendant demands a jury trial on all triable issues.

Dated:   July 15, 2024                    WHITE & CASE LLP


                                          By: /s/ *Yar R. Chaikovsky*
                                               Yar R. Chaikovsky

                                          WHITE & CASE LLP
                                          Yar R. Chaikovsky (CA SBN 175421)
                                          yar.chaikovsky@whitecase.com
                                          David T. Okano (CA SBN 278485)
                                          david.okano@whitecase.com
                                          Radhesh Devendran (CA SBN 318517)
                                          radhesh.devendran@whitecase.com
                                          DeMarcus Williams (CA SBN 329756)
                                          *pro hac admission forthcoming*
                                          demarcus.williams@whitecase.com
                                          Brady Schoenlein (CA SBN 350333) *pro hac admission forthcoming*
                                          brady.schoenlein@whitecase.com
                                          3000 El Camino Real
                                          2 Palo Alto Square, Suite 900
                                          Palo Alto, CA 94303
                                          Telephone: 650.213.0300
                                          Facsimile:  650.213.8158

                                          WHITE & CASE LLP
                                          Ethan Plai1
                                          ethan.plail@whitecase.com (*pro hac admission forth coming*)
                                          701 Thirteenth Street NW
                                          Washington, DC 20005-3807
                                          Telephone: 202.626.3600
                                          Facsimile:  202.639.9355


                                          Attorneys for
                                          X Corp.

8

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on July 15, 2024, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by First Class U.S. Mail on this same date.

/s/ *Yar R. Chaikovsky*
Yar R. Chaikovsky